UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LARRY DANCY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00426-JRS-DLP |
| | ) | |
| WATSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion to Dismiss *Bivens* Claim**

Plaintiff Larry Dancy, a federal inmate in the special housing unit at USP Terre Haute, brings this action against Warden Watson and Foods Services Administrator (FSA) Oliver in their individual and official capacities. He seeks damages pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971) and injunctive relief. On January 31, 2020, the defendants filed a motion to dismiss Mr. Dancy's *Bivens* claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons explained in this Order, the motion to dismiss the *Bivens* claim, dkt. [20], is **granted**. Mr. Dancy's claim for injunctive relief will proceed.

**I. Overview**

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

## II. Background

Mr. Dancy alleges that Warden Watson and FSA Oliver know that the food service preparation area at USP Terre Haute is infested with rodents and that food trays served to inmates in the special housing unit are contaminated with rodent feces. Despite this knowledge, they have done nothing to try to correct the problem. On June 11, 2019, Mr. Dancy suffered a serious food-borne illness caused by the contaminated food. The prison's medical department then failed to provide him with adequate medical treatment for his illness.

The Court screened Mr. Dancy's complaint pursuant to 28 U.S.C. § 1915A(a) on October 18, 2019. His claims against Warden Watson and FSA Oliver regarding their deliberate indifference to the rodent infestation were allowed to proceed. His claim for deliberate indifference to his serious medical needs was dismissed because he did not identify an individual who was personally involved in the alleged constitutional violation.

The defendants argue that Mr. Dancy is attempting to bring these claims in a new *Bivens* context that has not been recognized by the Supreme Court. They go on to say that the adequacy of food services in prison is the result of broad policy decisions, and the burden on government employees forced to defend the policies and practices of their employers is a special factor counseling hesitation. They also argue that prisoners subjected to constitutionally inadequate food services have alternative remedies available including claims for injunctive relief, claims against the government under the Federal Tort Claims Act (FTCA), and administrative grievances through the Bureau of Prisons (BOP).

## III. Discussion

Congress has provided that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But jurisdiction does not necessarily create the authority to award damages. *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988). Although Congress has authorized district courts to award damages against state officials who violate the Constitution while acting under color of state law, *see* 42 U.S.C. § 1983, Congress has not provided an analogous authority to award damages against federal officials who violate the Constitution while acting under color of federal law. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

Despite a lack of explicit congressional approval, the Supreme Court held in *Bivens* that district courts have the implied authority to award damages against federal officials for unreasonable searches and seizures in violation of the Fourth Amendment. 403 U.S. at 397. In *Davis v. Passman*, the Court extended this implied authority to actions alleging gender discrimination in federal employment in violation of the Fifth Amendment. 442 U.S. 228, 249 (1979). And in *Carlson v. Green*, the Court again extended this implied authority to actions alleging deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment. 446 U.S. 14, 24 (1980).

In the forty years since *Carlson*, however, the Court has declined to create any new contexts for *Bivens* claims. *See Bush v. Lucas*, 462 U.S. 367, 390 (1983) (retaliatory termination of federal employee for engaging in speech protected by the First Amendment); *Chappell v. Wallace*, 462 U.S. 296, 297 (race discrimination in the military); *United States v. Stanley*, 483 U.S. 669, 684 (1987) (nonconsensual medical experiment in the military); *Scheiker*, 487 U.S. at 414 (revocation of social security benefits without due process); *F.D.I.C. v. Meyer*, 540 U.S. 471, 485 (1993)

(actions against federal agencies); *Correction Services Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (actions against private prison operators); *Wilkie v. Robbins*, 551 U.S. 537, 547-48 (2007) (due process claims against officials from Bureau of Land Management); *Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (actions against a private prison operator's employees). In each of these cases, the Court reasoned there were "special factors counselling hesitation" about creating a new *Bivens* context and that alternative remedies were available to address the category of injury alleged by the plaintiffs. *Id.*

In *Abbasi*, the Court noted that its method for determining whether a statute creates a private cause of action has shifted dramatically since the mid-20th century. 137 S. Ct. at 1855. When *Bivens* was decided, the Court assumed it could create private causes of action to give meaningful effect to a statute. *Id.* Against this background, the conclusion that constitutional provisions similarly imply private causes of action seemed inevitable. *Id.* Today, the Court takes a more cautious approach, assuming that the "far better course" is to restrict private causes of action to statutes where Congress has explicitly conferred such a right. *Id.* This evolution in judicial philosophy suggests "that the analysis in the Court's three *Bivens* cases might have been different if they were decided today." *Id.*

Nevertheless, *Abbasi* declined to overrule *Bivens*, reasoning that *Bivens*' vindication of constitutional rights in certain contexts "and the undoubted reliance upon it as a fixed principle in the law, are powerful reasons to retain it." *Id.* at 1856-57. Instead, the Court cabined *Bivens* to the contexts that arose in *Bivens*, *Davis*, and *Carlson*—unlawful search and seizure, gender discrimination in employment, and deliberate indifference to a prisoner's serious medical needs in a BOP facility. *Id.* Expanding *Bivens* to a new context is now a "disfavored judicial activity." *Id.* at 1857. When asked to extend *Bivens*, the Court inquires whether there are any special factors that

counsel hesitation about granting the extension or whether there are alternative remedies available to the plaintiff. *Hernandez v. Mesa,* 140 S. Ct. 735, 743 (2020) (citing *Id.* at 159). While the Court has not created a definitive list of "special factors counselling hesitation," separation-of-powers principles are at the center of this inquiry, and the Court considers whether the judiciary is well-suited to weigh the costs and benefits of allowing a damages action to go forward. *Abbasi* 137 S. Ct. at 159.

Turning now to the case at hand, it is clear that Mr. Dancy seeks to create a new *Bivens* context. Neither *Bivens*, *Davis*, nor *Carlson* involved allegations of unsanitary food services in a federal prison. The fact that *Carlson* involved a conditions of confinement claim alleging violations of the Eighth Amendment is not dispositive. "A claim may arise in a new context even if it is based on the same constitutional provision as a case in which a damages remedy was previously recognized." *Hernandez*, 140 S. Ct. at 743; *see also Abbasi*, 137 S. Ct. 1864 ([A] modest extension [of *Bivens*] is still an extension."). Since *Carlson* was decided, the Court has rejected attempts to extend *Bivens* to other contexts involving conditions of confinement under both the Eighth and Fourteenth Amendments. *E.g. Malesko*, 534 U.S. at 74 (action against private prison operator); *Minneci*, 565 U.S. at 125 (action against private prison operator's employees); *Abbasi*, 137 S. Ct. at 1860 (action by undocumented immigrants previously detained pending national security investigations following the terrorist attacks on September 11, 2001). In light of these decisions, the food services claim in this case is a different context than the medical services claim in *Carlson*.

Special factors counsel hesitation about creating a new *Bivens* context for allegations of inadequate sanitation in a federal prison's food services area. The Bureau of Prisons is tasked with

feeding approximately 150,000 inmates every day.[1] The failure to maintain adequate sanitation in one of its facilities will rarely be the fault of one or even several federal officials. Instead, it suggests an imperfect balance of financial resources, facilities management, and employee training across the organization. A *Bivens* action is an inappropriate remedy for these complex, systematic issues. *See Malesko*, 534 U.S. at 70 ("The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." It was not intended to deter the conduct of policy-making entities.); *cf. Schweiker*, 487 U.S. at 414 (size and complexity of the social security disability system is a special factor counselling hesitation against *Bivens* claims for revocation of disability benefits without due process).

Because Mr. Dancy's complaint alleges an ongoing constitutional violation, it is unlike *Bivens*, where the options were "damages or nothing." 403 U.S. at 410 (Harlan, J., concurring). "[L]arge scale policy decisions concerning the conditions of confinement on [a large number] of prisoners" may be addressed with claims for injunctive relief. *Abbasi*, 137 S. Ct. at 1862; *see also Chappell*, 462 U.S. at 304 (dismissal of *Bivens* claim does not necessarily foreclose traditional forms of relief, including injunctive relief for ongoing constitutional violations). Prisoners could also seek damages through the FTCA for negligence. 28 U.S.C. § 1346(b); *see Hernandez*, 140 S. Ct. at 748 (FTCA is "the exclusive remedy for most claims against Government employees arising out of their official capacities.").

To summarize, Mr. Dancy seeks to extend *Bivens* to a new context, a disfavored judicial activity under *Abbasi*. Mr. Dancy alleges a systematic problem involving food services at his facility, and the burden on government employees forced to defend the policies and practices of their employers is a special factor counseling hesitation. The alternative remedies available to

---

[1] https://www.bop.gov/mobile/about/population_statistics.jsp#pop_totals

prisoners, including claims for injunctive relief and claims against the United States under the FTCA, further counsel against extending *Bivens* to this context. Under these circumstances, establishing a new *Bivens* context is inappropriate, and the defendants' motion to dismiss is **granted**.

## IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss Mr. Dancy's *Bivens* claim, dkt. [20], is **granted**. Mr. Dancy's claim for injunctive relief shall proceed. The defendants are directed to answer the complaint within 14 days of this Order.

**IT IS SO ORDERED.**

Date: 3/9/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LARRY DANCY
11622-007
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov