UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

LARRY DANCY,)
)
    Plaintiff,)
)
  v.) Cause No. 2:19-cv-00426-JRS-DLP
)
WATSON *Mr., Complex Warden*,)
OLIVER *Mr.*,)
)
    Defendants.)

## DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT[1]

Defendants Watson and Oliver, by counsel, for an Answer to the Plaintiff's Verified Complaint ("Complaint") filed by plaintiff, Larry Dancy, states as follows:

### A.    PARTIES

1. Plaintiff is a citizen of Indiana, and is located at United States Pententiary Terre Haute, P.O. Box 33, Terre Haute, Indiana, 47808.

    ANSWER: Defendants state that paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff is currently incarcerated at the United States Penitentiary – Terre Haute.

2. Defendant Watson, Complex Warden is a citizen of Indiana and resides at unknown and worked for Bureau of Prisons/USP-Terre Haute, 4700 Bureau Road South, Terre Haute, Indiana, 47802.

*Defendants continued at Page (2A)*

---

[1] For ease of reference, Defendants have set forth Plaintiff's allegations and topic headings *verbatim*, including any typographical errors. In doing so, Defendants do not admit any of the allegations in the Complaint or content of the headings.

ANSWER: Defendants admit that Warden Watson resides in the State of Indiana. Defendants further admits that Warden Watson is employed by the Bureau of Prisons and is assigned to serve as Complex Warden for the Federal Correctional Complex – Terre Haute, which includes the United States Penitentiary – Terre Haute. Defendants further admit that the United States Penitentiary – Terre Haute is located at 4700 Bureau Road South, Terre Haute, Indiana, 47802. Defendants deny the remaining allegations contained in paragraph 2 of the Complaint.

A. PARTIES CONTINUED From PAGE (2):

3. Defendant: Mr. Oliver is a citizen of Indiana and at all times herein acting under Federal Law as Food Service Adminstrator of USP/Terre Haute. Mailing address is: 4700 Bureau Road South, Terre Haute, Indiana, 47802.

ANSWER: Defendants state that paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Mr. Oliver resides in the State of Indiana. Defendants further admit that he is employed by the Bureau of Prisons and has been assigned to serve as Food Service Administrator for the Federal Correctional Complex – Terre Haute, which includes the United States Penitentiary – Terre Haute. Defendants further admit that the United States Penitentiary – Terre Haute is located at 4700 Bureau Road South, Terre Haute, Indiana, 47802. Defendants deny the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendant: Mr. McCoy is a citizen of Indiana and at all times herein acting under Federal law as Health Services Adminstrator of USP/Terre Haute. Mailing address is: 4700 Bureau Road South, Terre Haute Indiana, 47802.

(Page 2A)

ANSWER: Defendants state that paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that HSA McCoy resides in the State of Indiana. Defendants further admit that he is employed by the Bureau of Prisons and has been assigned to serve as the Health Services Administrator at the Federal Correctional Complex – Terre Haute, which includes the United States Penitentiary – Terre Haute. Defendants further admit that the United States Penitentiary – Terre Haute is located at 4700 Bureau Road South, Terre Haute, Indiana, 47802. Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

B. STATEMENT OF CLAIM

1. This is a "<u>Verified Civil Rights Complaint</u>" based upon Plaintiff personal knowledge and further declares each statement and or allegation to be true and correct under penalty of perjury pursuant to 28 USC 1746 by Plaintiff's signature and date <u>INFRA at PAGE (5)</u>.

ANSWER: Defendants state that paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. Plaintiff states that the Administrative Grievance Process is not completed because staff have made the process unavailable to the Plaintiff by the following and therefore is exhausted. The BOP Administrative Process is (4) steps. Plaintiff filed the initial step BP/8 on June 15th and after 35 days returned it to Plaintiff with no response. Plaintiff submitted second step BP/9 on July 20th 2019 and to date no response. Note (BOP Policy states no timely response is deemed denied) Wherefore its denied as required to be answered within 30-days..Plaintiff has requested 3rd and 4th steps from his unit team staff that are responsible for issuing all steps and they have refused those steps to complete the Administrative Grievance Process and is therefore

deemed exhausted SEE; <u>DOLE V. CHANDLER</u>,

*CONTINUED AT PAGE: (3)*

438 F.3d. 804, at 809, 812 (7th Cir. 2006) (Prison officials may not take unfair advantage of the exhaustion requirement…and grievance becomes unavailable and exhausted when prison staff do not respond to a properly filed Administrative remedy): Also <u>SEE</u>: <u>Miller v. Norris</u>, 247 F.3d. 736, 740 (8th Cir. 2001) (Administrative remedy is exhausted when prison officials prevent a inmate from using it by providing no forms necessary to exhaust remedy under 1997e(a).)..Wherefore facts herein demonstrate Administrative remedy is exhausted on issues raised herein in this Verified Complaint because staff refused to answer first and second step and refused me 3rd and forth step" <u>And therefore made it unavailable on issues herein and exhausted</u>". This complaint is now properly brought before this court on issues for relief.

   ANSWER: Defendants state that paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff attempted to submit a BP-9 related to food service on or around June 19, 2019, but state that it was rejected because Plaintiff failed to attempt informal resolution (BP-8) prior to invoking the formal remedy process. Defendants deny the remaining allegations contained in paragraph 2 of the Complaint.

"<u>Actual Events of Claim START Below</u>"

3. Food is one of the basic necessities of life protected by the Eighth Amendment as is medical treatment. And the named Defendants acts herein at the United States Penitentiary Special Housing Unit of Terre Haute violated Plaintiffs Eighth Amendment rights and Plaintiff is entitled to relief demand by the instant Verified Complaint pursuant to 28 USC 1331 against Defendants (Watson); and (McCoy).

ANSWER: Defendants state that paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. On (6-11-2019) Warden Watson and food service adminstrator Oliver, violated my constitution rights (Eighth Amendment) by failing to provide me with meals that do not place my health in danger because both Defendants know the food service preparation area is infested with rodents/mice that entered food trays stored for service to inmates of the Special Housing Unit and meals have mice fecal/feces in the food this is served to Special Housing Unit inmates including me on (6-11-2019) and it made me sick..And then medical refused to provide me treatment advising drink water..This was inadequate medical treatment that Defendant McCoy must ensure is provided to me and all inmates. Note: Numerous courts have found unsanitary food service to be –

*CONTINUED AT PAGE (3A)*

B. <u>STATEMENT OF Claim Continued from PAGE 3A:</u>

Unconstitutional. <u>SEE</u>: This Circuits Holdings in <u>French v. Owens</u>, 777 F.2d. 1250, 1255 (7th Cir. 1985), and the Tenth Circuits Holding in Ramos v. Lamm, 639 F.2d. at 570-72 (10th Cir. 1980)…Plaintiff state the mice fecal matter in food for inmate consumption is sufficiently gross to subject Plaintiff to serious food borne illness and has occurred to Plaintiff herein..And then failed to provide me adequate medical treatment thats standard care for food borne contamination…Thus violating the Eighth Amendment on all fronts herein..<u>SEE</u>: <u>Ingalls v. Florio</u>, 968 F.Supp. 193, 198-99 (D.N.J. 1997(vermin leading contamination) <u>NOTE</u> Defendants <u>Watson</u> and <u>Oliver</u> have known of the rodent problem in food service preparation area and storage area for a very long time and have failed to correct or even try to correct the problem

therefore being deliberately indifferent to my safety (health). This is a nonfrivolous claim to which Plaintiff is entitled to relief/damages demanded by this Verified Civil Rights Complaint. (Page 3A)

      ANSWER: Defendants state that paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants respond that the referenced cases speak themselves and deny the allegations contained in paragraph 4 of the Complaint to the extent that they are inconsistent therewith. Defendants admit that on one occasion, meals that were later determined to be contaminated were distributed in the Special Housing Unit, after which the meals were recalled and promptly replaced with non-contaminated meals. Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

### C. JURISDICTION

I am suing for a violation of federal law under 28 U.S.C. § 1331.

      ANSWER: Defendants state that this paragraph of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff claims that jurisdiction is based on 28 U.S.C. § 1331. The United States further admits that there is jurisdiction in this Court based on Plaintiff's allegations, but denies Plaintiff's allegations, and denies that Plaintiff is entitled to any relief.

### D. RELIEF WANTED

1. Find the Defendant failure to provide sanitary meals to the Plaintiff that made him sick violated the Eighth Amendment clause against cruel and unusual punishment. And failure to provide adequate medical treatment for Plaintiff sickness violated the Eighth Amendment awarding Plaintiff $500,000.00 from each named Defendant separately and award Plaintiff

$1000,000.00 punitive damages to show this type of conduct will not be tolerated.

ANSWER: Defendants state that this paragraph is a prayer for relief to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the prayer for relief and deny that Plaintiff is entitled to any relief.

2. Award Plaintiff all costs incurred by this lawsuit to include reasonable Attorney fee's.

ANSWER: Defendants state that this paragraph is a prayer for relief to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the prayer for relief and deny that Plaintiff is entitled to any relief.

## "INJUNCTIVE RElief REQuested"

3. Order Defendants to immediately correct to rodent infestation in food service and food service preparation and storage areas..And to ensur food served to the inmates does not have rodent fecal/feces in stated meals.

ANSWER: Defendants state that this paragraph is a prayer for relief to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the prayer for relief and deny that Plaintiff is entitled to any relief.

4. Order Defendant to immediately treat food borne contamination inmates with adequate care thats the standards of medical care for persons suffering ingested contaminated food.

ANSWER: Defendants state that this paragraph is a prayer for relief to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the prayer for relief and deny that Plaintiff is entitled to any relief.

## JURY DEMAND

Because this action has been limited to one for injunctive relief, there is no right to a jury trial.

## **AFFIRMATIVE DEFENSES**

In response to Plaintiff's Complaint, Defendants assert the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred to the extent they are untimely.

3. Plaintiff failed to exhaust his administrative remedies with respect to the issues alleged in his Complaint. Specifically, although Plaintiff attempted to submit a BP-9 on or around July 19, 2019, it was rejected because Plaintiff did not attempt informal resolution (BP-8) prior to invoking the formal remedy process. Plaintiff made no further submissions with respect to this request for administrative remedy. But during this time period, Bureau of Prisons records show that Plaintiff submitted a number of other requests for administrative remedy, demonstrating that the administrative remedy system was available to him.

4. At all times, Defendants acted reasonably, without malice, in good faith, and with due care and diligence towards Plaintiff with respect to the matters about which Plaintiff complains.

5. Defendants did not act with deliberate indifference towards Plaintiff with respect to the matters about which Plaintiff complains.

6. Defendants are immune from monetary damages pursuant to the doctrine of qualified immunity.

7. Defendants did not have personal involvement in the matters about which Plaintiff complains.

8. Defendants reserve the right to assert such other affirmative or additional defenses as

may become known during the course of this litigation.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in the Defendants' favor and against Plaintiff, that Defendants be awarded costs and fees incurred herein, and that Defendants be granted such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    JOSH J. MINKLER
    United States Attorney

By:    /s/ *Rachana N. Fischer*
       Rachana N. Fischer
       Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Service was also sent to the following pro se plaintiff by first class, United States Mail, prepaid and properly addressed to:

LARRY DANCY
11622-007
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

/s/ *Rachana N. Fischer*
Rachana N. Fischer
Assistant United States Attorney
Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204