UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LARRY DANCY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WATSON, et al. )<br>)<br>Defendants. ) | No. 2:19-cv-00426-JRS-DLP |

**Entry Directing Development of Exhaustion Defense and Issuing Partial Stay**

The defendant has asserted the affirmative defense that the plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit as required by the Prison Litigation Reform Act. This defense must be resolved before reaching the merits of this case. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999).

The defendant's exhaustion defense will be resolved pursuant to the following schedule. The defendant shall have **through April 30, 2020,** in which to either:

- file a dispositive motion in support of the exhaustion defense;
- file a notice with the Court specifically identifying the fact issue(s) that preclude resolution of this affirmative defense via a dispositive motion and requesting a *Pavey* hearing; or
- file a notice with the Court withdrawing the exhaustion defense.

**The failure to pursue any of these options by the above deadline constitutes an abandonment of the exhaustion defense.**

If a dispositive motion is filed, the plaintiff shall have **twenty-eight (28) days** in which to respond. The defendants shall then have **fourteen (14) days** in which to reply. Furthermore, if the defendants file a dispositive motion, he must remember that it is their burden to prove both that

the administrative remedy process was available to the plaintiff and that he or she failed to utilize it.  *See Thomas v. Reese*, 787 F.3d 845, 848 (7th Cir. 2015); *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).  Thus, if the plaintiff responds with evidence that the administrative remedy process was unavailable, the defendant may and should consider whether selecting one of the other two options outlined above is the appropriate course—that is, conceding that a *Pavey* hearing is necessary or withdrawing their affirmative defense.  Alternatively, the defendant's reply must directly confront the plaintiff's evidence regarding availability and explain why they remain entitled to summary judgment despite that evidence.  Failure to present responsive evidence in reply will result in a forfeiture of any right to present that evidence if there is a future *Pavey* hearing.

Except for activities associated with the development and resolution of the defendant's affirmative defense that the plaintiff failed to exhaust his administrative remedies prior to filing this action, or any other matter directed by the Court, any other activities or deadlines in the action are **stayed.**  Discovery on the issue of exhaustion is allowed.

**IT IS SO ORDERED**.

Date: 3/19/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LARRY DANCY
11622-007
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov